**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY

Plaintiffs,

v.

Civil Action No. 3:19-cv-85

MICROBILT COPORATION, PHILIP BURGESS, MATT MARTORELLO, and KARRIE WICHTMAN,

Defendants.

## COMPLAINT

COME NOW the Plaintiffs, by counsel, and for their Complaint against the Defendants, they allege as follows:

## PRELIMINARY STATEMENT

1. This action is brought against Defendants Microbilt Corporation, Philip Burgess, Matt Martorello, and Karrie Wichtman pursuant to the Fair Credit Reporting Act ("FCRA"). In particular, Plaintiffs bring this claim because Microbilt Corporation provided their consumer reports to one or more third parties without a permissible purpose in violation of § 1681b, which enumerates specific purposes when a consumer reporting agency may furnish a report and "no other." 15 U.S.C. § 1681b(a). As reflected by the discovery produced in a related proceeding, Defendants Philip Burgess, Matt Martorello, and Karrie Wichtman requested and obtained the Plaintiffs' consumer reports to attempt to gain a litigation advantage in the *Williams v. Big Picture Loans, LLC* case; therefore, they are separately liable under the FCRA.

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA at 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

4. Each Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant Microbilt Corporation ("Microbilt") is a Delaware corporation doing business as a consumer reporting agency as defined and governed by the FCRA, 15 U.S.C. § 1681a(f).

6. Upon information and belief, Defendant Philip Burgess ("Burgess") is a natural person and the founder of Microbilt. At all relevant times to this Complaint, Burgess was a "user" as governed by the FCRA.

7. Upon information and belief, Defendant Matt Martorello ("Martorello") is a natural person. At all relevant times to this Complaint, Martorello was a "user" as governed by the FCRA.

8. Upon information and belief, Defendant Karrie Wichtman ("Wichtman") is a natural person. At all relevant times to this Complaint, Wichtman was a "user" as governed by the FCRA.

**FACTS**

33. On June 22, 2016, the Plaintiffs in this case filed a lawsuit against Big Picture Loans, LLC, Ascension Technologies, LLC, and Defendant Martorello regarding an illegal rent-a-tribe scheme. *Williams v. Big Picture Loans, LLC*, 3:17-cv-461 (E.D. Va.) (the "Big Picture Litigation").

34. On or around July 7, 2017, Defendant Burgess procured Plaintiffs' consumer reports from Microbilt and forwarded them to Defendant Wichtman, an attorney for Big Picture Loans and Ascension Technologies, at the request of Defendant Martorello.

35. These reports obtained and used for litigation purposes in the Big Picture Litigation, including to gather information on Plaintiffs' credit history to make arguments regarding their standing and potential adequacy as class representatives.

36. However, the FCRA does not permit a consumer reporting agency to furnish, or a user to receive, credit reports for use in litigation. 15 U.S.C. § 1681b(a).

37. Therefore, Microbilt was not permitted to furnish Plaintiff's consumer reports to Burgess, Martorello, and Wichtman, nor were these individuals permitted to receive them.

38. Plaintiffs only recently discovered this illegal access of their consumer reports when Defendant Martorello produced text messages in the Big Picture Litigation. Specifically, on July 7, 2017, Martorello and Wichtman exchanged the following text messages:

| | | | |
|---|---|---|---|
| SMS Messages | 7/7/2017 11:21:41 AM (UTC-4) | To: +14802426959 Wichtman Karrie | Phil from microbilt is sending you the plaintiffs subprime credit history... he says they appear "very active". which sounds unlike someone harmed. |
| SMS Messages | 7/7/2017 11:30:31 AM (UTC-4) | From: +14802426959 Wichtman Karrie | Got it! Thanks |
| SMS Messages | 7/7/2017 11:40:11 AM (UTC-4) | To: +14802426959 Wichtman Karrie | at your service |

39. Further, Plaintiff Williams had requested a full copy of her Microbilt file in early 2018.

40. In response to Plaintiff Williams's request, Microbilt sent Plaintiff Williams a copy of her file on March 8, 2018.

41. The report that Microbilt sent to Plaintiff Williams did not disclose the July 2017 inquiry in which Microbilt provided Plaintiff Williams's reports to Burgess, Martorello, and Wichtman.

42. Defendants' FCRA violations were willful. The FCRA's requirements regarding the furnishing and receiving of consumer reports only for an enumerated permissible purpose and the disclosure of a full consumer file in response to a consumer's request are well defined by the statute and the applicable case law. The Defendants were well aware of these requirements. Thus, their violations of the statute were willful.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681b(a)**
**(DEFENDANT MICROBILT)**

43. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

44. Defendant Microbilt violated the FCRA, 15 U.S.C. §1681b(a) by furnishing the Plaintiffs' consumer reports to Defendants Burgess, Martorello, and Wichtman without a permissible purpose to do so. Specifically, Defendant Microbilt impermissibly furnished a copy of Plaintiffs' consumer reports to Defendants Burgess, Martorello, and Wichtman on or around July 7, 2017.

45. As a result of Defendant Microbilt's conduct, the Plaintiffs suffered actual damages including, without limitation, credit damage, violation of privacy, and other emotional and mental distress.

46. Defendant Microbilt's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

47. The Plaintiffs are also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681e(a)**
**(DEFENDANT MICROBILT)**

48. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

49. Defendant Microbilt violated the FCRA, 15 U.S.C. §1681e(a) by furnishing the Plaintiffs' consumer reports to Defendants Burgess, Martorello, and Wichtman, without a permissible purpose to do so and by failing to maintain reasonable procedures to limit to furnishing of consumer reports to the purposes listed under §1681b. Specifically, Defendant Microbilt impermissibly furnished a copy of Plaintiffs' consumer reports to Defendants Burgess, Martorello, and Wichtman on or around July 7, 2017.

50. As a result of Defendant Microbilt's conduct, the Plaintiffs suffered actual damages including, without limitation, credit damage, violation of privacy, and other emotional and mental distress.

51. Defendant Microbilt's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

52. The Plaintiffs are also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681g(a)**

**(PLAINTIFF WILLIAMS'S CLAIM AGAINST DEFENDANT MICROBILT)**

53. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

54. Defendant Microbilt violated the FCRA, 15 U.S.C. §1681g(a) by failing to provide a complete copy of Plaintiff Williams's file, including a list of each person that procured a consumer report about her in the previous year, upon her request.

55. As a result of Defendant Microbilt's conduct, Plaintiff Williams suffered actual damages including, without limitation, the denial of important information that was to have been part of their consumer disclosure otherwise to be provided upon request. The right to this information was determined by Congress to be important measures of Microbilt's process to ensure continued accuracy and completeness in its files and reports.

56. Defendant Microbilt's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling Plaintiff Williams to recover under 15 U.S.C. §1681o.

57. Plaintiff Williams is also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681b(f)**
**(DEFENDANTS BURGESS, MARTORELLO, AND WICHTMAN)**

58. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

59. Defendants Burgess, Martorello, and Wichtman violated the FCRA, 15 U.S.C. §1681b(f) by obtaining and using the Plaintiffs' consumer reports without a permissible purpose

to do so. Specifically, they impermissibly obtained copies of Plaintiffs' credit reports on or around July 7, 2017.

60. As a result of Defendants Burgess, Martorello, and Wichtman's conduct, the Plaintiffs suffered actual damages including, without limitation, credit damage, violation of privacy, and other emotional and mental distress.

61. Defendants Burgess, Martorello, and Wichtman's conduct was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, they were negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

62. The Plaintiffs are also entitled to recover actual damages, statutory damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

63.

WHEREFORE, Plaintiffs demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally as requested above; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**PLAINTIFFS**

By *__/s/ Kristi C. Kelly__*
Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
E-mail: kkelly@kellyguzzo.com
E-mail: aguzzo@kellyguzzo.com
E-mail: casey@kellyguzzo.com
*Counsel for Plaintiffs*