**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| LULA WILLIAMS, GLORIA TURNAGE, GEORGE HENGLE, DOWIN COFFY<br><br>Plaintiffs,<br><br>v.<br><br>MICROBILT CORPORATION, PHILIP BURGESS, MATT MARTORELLO, and KARRIE WICHTMAN,<br><br>Defendants. | Civil Action No. 3:19-cv-00085-REP |

## ANSWER TO COMPLAINT

Defendant, Karrie Wichtman ("Defendant"), by and through counsel, submits the following Answer to the Complaint filed by Plaintiffs Lula Williams, Gloria Turnage, George Hengle, and Dowin Coffy (collectively, "Plaintiffs"). Defendant does not purport to answer on behalf of co-defendants MicroBilt Corporation ("MicroBilt"), Philip Burgess ("Burgess") or Matt Martorello ("Martorello") (collectively, the "Co-Defendants"), even if the allegations to which she responds pertain to both the Co-Defendants and Defendant, and answers only on her own behalf as follows.

### PRELIMINARY STATEMENT

1. Defendant admits that Plaintiffs purport to bring this Complaint pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). No answer is necessary to paragraph 1 of Plaintiffs' Complaint to the extent the allegations are directed at the Co-Defendants. To the extent the allegations relate to Defendant, Defendant denies the allegations in paragraph 1 of Plaintiffs' Complaint.

## JURISDICTION

2.   No answer is necessary to paragraph 2 of Plaintiffs' Complaint because it contains only legal conclusions. To the extent that the allegations in paragraph 2 are contrary to the law, they are denied.

3.   No answer is necessary to paragraph 3 of Plaintiffs' Complaint because it contains only legal conclusions. To the extent that the allegations in paragraph 3 are contrary to the law, they are denied.

## PARTIES

4.   No answer is necessary to paragraph 4 of Plaintiffs' Complaint because it contains only legal conclusions. To the extent that the allegations in paragraph 4 are contrary to the law, they are denied.

5.   No answer is necessary to paragraph 5 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 5 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

6.   No answer is necessary to paragraph 6 of Plaintiffs' Complaint because the allegations are directed at Burgess, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 6 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

7.   No answer is necessary to paragraph 7 of Plaintiffs' Complaint because the allegations are directed at Martorello, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 5 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

8.     Defendant admits that she is a natural person. Defendant denies the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

## FACTS

33.[1]   Defendant denies that the lawsuit referenced in paragraph 33 of Plaintiffs' Complaint was filed on June 22, 2016. The remaining allegations in paragraph 33 of Plaintiffs' Complaint refer to a Complaint filed in a lawsuit, which speaks for itself. To the extent that the allegations of paragraph 33 vary from the text of the Complaint itself, they are denied.

34.    No answer is necessary to paragraph 34 of Plaintiffs' Complaint to the extent that Plaintiffs' allegations are directed at the Co-Defendants. To the extent a response is necessary, Defendant denies the allegations of paragraph 34 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged. To the extent the allegations relate to Defendant, Defendant admits that in July 2017 she was counsel of record for Big Picture Loans, LLC and Ascension Technologies, LLC in *Williams v. Big Picture Loans, LLC*, 3:17-cv-461 (E.D. Va.). Defendant further admits that she received an email from Burgess on or around July 7, 2017.

35.    Defendant denies the allegations in paragraph 35 of Plaintiffs' Complaint.

36.    No answer is necessary to paragraph 36 of Plaintiffs' Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 36 are contrary to law, they are denied

37.    No answer is necessary to paragraph 37 of Plaintiffs' Complaint because it only contains legal conclusions. To the extent that the allegations in paragraph 37 are contrary to law, they are denied

---

[1] Plaintiffs mis-number the allegations in their Complaint. For consistency, Defendant maintains the same numbering conventions.

38. The allegations in paragraph 38 of Plaintiffs' Complaint refer to text messages, which speak for themselves. To the extent that the allegations of paragraph 38 vary from the text of the messages themselves, they are denied.

39. Defendant denies the allegations in paragraph 39 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

40. Defendant denies the allegations in paragraph 40 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

41. Defendant denies the allegations in paragraph 41 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

42. No answer is necessary to paragraph 42 of Plaintiffs' Complaint to the extent that Plaintiffs' allegations are directed at the Co-Defendants. To the extent the allegations relate to Defendant, Defendant denies the allegations in paragraph 42 of Plaintiffs' Complaint.

**CLAIM ONE: ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681b(a)**
**(DEFENDANT MICROBILT)**

43. Defendant restates and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

44. No answer is necessary to paragraph 44 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 44 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

45. No answer is necessary to paragraph 45 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 45 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

46. No answer is necessary to paragraph 46 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 46 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

47. No answer is necessary to paragraph 47 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 47 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

**CLAIM TWO: ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. §1681e(a)
(DEFENDANT MICROBILT)**

48. Defendant restates and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

49. No answer is necessary to paragraph 49 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 49 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

50. No answer is necessary to paragraph 50 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 50 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

51. No answer is necessary to paragraph 51 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 51 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

52. No answer is necessary to paragraph 52 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 52 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

**CLAIM THREE: ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681g(a)**
**(PLAINTIFF WILLIAMS'S CLAIM AGAINST DEFENDANT MICROBILT)**

53. Defendant restates and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

54. No answer is necessary to paragraph 54 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 54 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

55. No answer is necessary to paragraph 55 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 55 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

56. No answer is necessary to paragraph 56 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 56 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

57. No answer is necessary to paragraph 57 of Plaintiffs' Complaint because the allegations are directed at MicroBilt, and Plaintiffs fail to state any allegations against Defendant. To the extent a response is required, Defendant denies the allegations of paragraph 57 of Plaintiffs' Complaint for lack of knowledge or information sufficient to form a belief as to the matters alleged.

**CLAIM FOUR: ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. §1681B(F)
(DEFENDANTS BURGESS, MARTORELLO, AND WICHTMAN)**

58. Defendant restates and incorporates by reference each and every preceding paragraph of this Answer as if fully set forth herein.

59. Defendant denies the allegations in paragraph 59 of Plaintiffs' Complaint.

60. Defendant denies the allegations in paragraph 60 of Plaintiffs' Complaint.

61. Defendant denies the allegations in paragraph 61 of Plaintiffs' Complaint.

62. Defendant denies the allegations in paragraph 62 of Plaintiffs' Complaint.

Defendant denies all the remaining allegations in the Complaint to the extent not expressly admitted above, and otherwise denies that she is liable to Plaintiffs for any of the requests for relief set forth in the Complaint.

**ADDITIONAL DEFENSES**

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to amend this Answer to assert all such further defenses.

**FIRST ADDITIONAL DEFENSE**

Plaintiffs' Complaint fails to the extent that it does not state a claim upon which the Court may grant relief.

**SECOND ADDITIONAL DEFENSE**

Plaintiffs' Complaint fails to the extent that Plaintiffs lack standing or have not taken action necessary to recover under the FCRA.

**THIRD ADDITIONAL DEFENSE**

Any recovery Plaintiffs receive is subject to a set off if any damages are awarded against Defendant, in the amount of any damages or settlement amounts recovered by Plaintiffs with respect to the same alleged damages. Defendant is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

**FOURTH ADDITIONAL DEFENSE**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Defendant continues to deny, were the result of acts or omissions of third persons over whom Defendant had neither control nor responsibility or were the result of Plaintiffs' own prior conduct.

**FIFTH ADDITIONAL DEFENSE**

Plaintiffs' damages are limited or barred to the extent that they failed to mitigate their alleged respective damages.

**SIXTH ADDITIONAL DEFENSE**

Plaintiffs' Complaint fails to the extent that the document at issue is not a "consumer report," as that term is defined under the FCRA.

**SEVENTH ADDITIONAL DEFENSE**

Plaintiffs' Complaint fails to the extent that Defendant did not "obtain" or "use" a "consumer report" regarding Plaintiffs for the reasons set forth in Defendant's motion to dismiss filed contemporaneously herewith.

**EIGHTH ADDITIONAL DEFENSE**

Plaintiffs' claim fails to the extent the Court does not have personal jurisdiction over Defendant for the reasons set forth in Defendant's motion to dismiss filed contemporaneously herewith.

### NINTH ADDITIONAL DEFENSE

Plaintiffs' alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

### TENTH ADDITIONAL DEFENSE

Plaintiffs cannot recover any alleged damages that are the result of, or were caused by, Plaintiffs' own acts, errors, and omissions, which were the sole cause of any such damages.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

### TWELFTH ADDITIONAL DEFENSE

The claims in Plaintiffs' Complaint should be severed to the extent that they improperly join different plaintiffs, with different claims and different damages, in a single action.

### THIRTEENTH ADDITIONAL DEFENSE

Defendant reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant requests this Court to enter a judgment:

1. denying Plaintiffs any and all relief in this case;
2. dismissing Plaintiffs' claims in their entirety;
3. dismissing this case with prejudice;
4. awarding Defendant her costs and attorneys' fees incurred in this case; and
5. granting Defendant all other remedies that the Court deems just and proper.

**KARRIE WICHTMAN**

By: */s/ David N. Anthony*
David N. Anthony
Virginia State Bar No. 31696
Timothy J. St. George
Virginia State Bar No. 77349
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: 804-697-5410
Facsimile: 804-698-5118
Email: david.anthony@troutman.com
Email: tim.stgeorge@troutman.com

*Attorney for Defendant Karrie Wichtman*

38612332