IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, GLORIA TURNAGE,
GEORGE HENGLE AND DOWIN COFFY,

  Plaintiffs,

v.                                                      Case No. 3:19-cv-00085-REP

MICROBILT CORPORATION, PHILIP
BURGESS, MATT MARTORELLO AND
KARRIE WICHTMAN,

  Defendants.

## BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs' Motion for Sanctions and Contempt, (ECF Docs. 124-125), should be denied because: (1) factually, MicroBilt fully satisfied the Court's Order seeking information regarding MicroBilt and, (2) procedurally, there is no legal basis to support sanctions or contempt.

On June 8, 2020, this Court ordered MicroBilt (not Burgess)[1], to submit a statement under oath regarding the "origin" and ownership of MicroBilt and specifically the direct or indirect ownership history of MicroBilt's founder, Philip Burgess, and his "positions or other involvement in MicroBilt". (ECF Doc. 83.) As the Court knows, on February 19, 2020, Burgess was dismissed from this case for lack of jurisdiction. (*See* ECF Doc 60.) MicroBilt duly submitted the required Declaration by its CEO, Walter Wojciechowski, (the "Declaration") on June 15, 2020. (ECF Doc. 94-1.)

---

[1] Interesting, while Plaintiffs contend that Burgess should have been the declarant for the court-ordered Statement of Ownership Interest, (ECF Doc. 125, at 2), they incorrectly argue in support of their Motion to Reconsider that Burgess has consented to jurisdiction by appearing specially to oppose reconsideration of his dismissal from the litigation. Plaintiffs continue to take inconsistent positions in this case in order to suit whatever argument they are advancing at the moment.

1

That Declaration expressly and directly responded to the Court's inquiries by:

1. **Detailing the "origin of MicroBilt":** Declaration, at ¶ 3 (Bristol Investments acquired MicroBilt from First Data);

2. **Identifying "which entities or persons directly or indirectly own or have owned MicroBilt":** Declaration, ¶¶ 3 – 7 (entities, employees, Bristol, CL Verify, LLC/DP Bureau and AMPO, LLC – no transfers since 1/1/15 (*id.* at ¶ 8));

3. **"[W]hether and to what extent . . . ("Burgess") has or had any ownership interest in MicroBilt":** Declaration, ¶¶ 3, 7;

4. **"[W]hether and to whom Burgess has sold any interest in MicroBilt":** Burgess did not directly own an interest to sell, but Declaration ¶¶ 3 – 7 disclose transfers of interests in MicroBilt by entities in which Burgess held an interest, albeit indirect;

5. **"Burgess's positions or other involvement in MicroBilt":** Declaration, at ¶¶ 3, 9 and 10 – CEO and member of Board from 2000 to 2007, resigned all from employment and all such rules as of January 15, 2007; January 15, 2007 to present: "business consultant to MicroBilt through his company, providing consulting and advisory services focused primarily on product development, data acquisition, mergers and acquisitions, business development, corporate strategy and litigation management."

The foregoing demonstrates that the Declaration directly and fully responded to the Court's June 8 Order and inquiries.

Notwithstanding, Plaintiffs make the incredible accusation that the MicroBilt Declaration is "an attempt to perpetrate a fraud on the Court." (ECF Doc. 125, at 9.) But that accusation, in Plaintiffs' words is "false and misleading". (*Id.* at 3.) Indeed, Plaintiffs' entire motion is based upon their (mis)interpretation of the June 8 Order, and Plaintiffs' unreasonable and unfounded view of what that Order required.

For example, Plaintiffs unfairly and incomprehensibly misconstrue the word "involvement" to mean MicroBilt was ordered to have "presented" "information relating to Burgess's participation in MicroBilt's litigation strategy". (*Id.* at 6.) Plaintiffs' overly aggressive

2

and unreasonable view of the word "involvement" is wrong and strays far afield from the Court's inquiry and any conceivable purpose allowed by the Federal Rules.  MicroBilt duly disclosed Burgess's current role and activities, including that he was involved, *inter alia*, in "litigation management", a truthful and fair description of one of his sometimes-assigned tasks.  Plaintiffs wrongly tout the Order as if it was a blank check entitling **Plaintiffs** to conduct an invasive and unfounded investigation into in each and every one of Burgess's daily activities, totally outside the scope of Rule 26 and without regard to Plaintiffs' claims. However, any fair reading demonstrates that the June 8 Order simply did not crash open that door.

Respectfully, the Court's interest in ownership was triggered by confusing and erroneous comments by counsel for Plaintiffs that Burgess sold his interest in MicroBilt.  (June 8, 2020 Hr'g Tr. 9:21-11:13, attached as Ex. A.)  There is no dispute that the ownership issue is, and was, not relevant to any allegation in Plaintiffs' Complaint, nor the subject of any discovery served by Plaintiffs, or Rule 26 or 16 disclosure obligations on the part of MicroBilt.  The Court did not question the content of sufficiency of MicroBilt's response to the *sua sponte* June 8, 2020 Order.

In any event, Plaintiffs effectively concede that during the June 18, 2020 deposition of Mr. Walter Wojciechowski in the *Glover* action—a case against MicroBilt with different plaintiffs, but the same plaintiffs' counsel —mere days after MicroBilt filed the Declaration in this matter, they obtained much of the information they now wrongfully complain was not included in the Declaration. (*See* ECF Doc. 125, at 4 – 6.)  At Plaintiffs' request, this Honorable Court ruled that Plaintiffs can use the *Glover* discovery in this case.  (ECF Doc. 118.)  As such, any allegedly missing information was acquired in the *Glover* deposition of Walter Wojciechowski and any alleged deficiencies, all of which MicroBilt denies, have been remedied.

Procedurally, Plaintiffs' motion lacks merit. Rule 37 is not applicable because there was neither a failure to disclose pursuant to Rule 26(a) ("Required Disclosures") nor a failure to respond to discovery. *See* Fed. R. Civ. P. 37(b)(2). Similarly, there was no "discovery order" to provide or permit discovery. Fed. R. Civ P. 37(b)(2)(A). The Court's *sua sponte* June 8 Order expressed the Court's interest in a particular issue based on Plaintiffs' incorrect assumptions, and MicroBilt duly responded as established above. Plaintiffs' accusations that the submission was in bad faith are entirely grounded in Plaintiffs' unreasonable initial misdirection and subsequent unreasonable interpretation of the Order, not in any fair reading of the actual text of the Order.

Despite Plaintiffs' unsupported and inapposite assertions, Rule 16 does not apply here because "pretrial order" under Rule 16(f) does not mean any order entered before trial, but instead the order entered "[a]fter any conference under this Rule [16]," specifically a pretrial order discussed in Rule 16(d) and or final pretrial order under 16(e). *See* Fed. R. Civ. P. 16(f).

Further, the Court's authority to enforce a pretrial order is connected to the control of its docket and to avoid prejudice to other parties. Here, there is, and was, no harm to Plaintiffs. Plaintiffs did not allege the ownership issue as part of any claim in their Complaint, did not seek ownership information in discovery, and the ownership issue was not otherwise previously required to be disclosed. Plaintiffs have not and cannot argue otherwise.

Finally, Plaintiffs' speculations and surmise about whether Burgess is or is not a consultant, despite MicroBilt's own clear testimony on the subject, is irrelevant to ownership and not factually responsive to the Court's requests. Further, it is not for Plaintiffs to hypothesize about Burgess' role based on compensation, benefits, etc. (*See* ECF Doc. 125, at 9.) Plaintiffs' contentions regarding an undated loan are entirely inapposite to ownership. More importantly, the June 8, 2020 Order did not request that sort of financial information and the information has no bearing

on the claims or defenses in the case. As such, Plaintiffs' accusations and speculations are immaterial and do not support the Motion.

MicroBilt did not act in bad faith and complied fully with the Court's June 8, 2020 Order such that neither sanctions nor a finding of civil contempt is appropriate. It is apparent from Plaintiffs' pleading, that there is, and was, no basis to file a Motion for Sanctions and MicroBilt should be awarded its fees and costs for opposing this baseless motion. *See* 28 U.S.C. § 1927; *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018); *Salvin v. Am. Nat. Ins. Co.*, 281 F. App'x 22, 225 (4th Cir. 2008). For the reasons outlined in MicroBilt's Brief in Opposition to Plaintiffs' Motion for Reconsideration, (ECF Doc. 123), an award of fees and costs is appropriate. The instant motion demonstrates a pattern of conduct not intended to advance the ball and move the litigation along, but to needlessly delay and increase litigation costs.[2]

For all of the foregoing reasons, MicroBilt Corporation, by counsel, respectfully requests that this Court deny Plaintiffs' Motion for Sanctions and to Find MicroBilt in Civil Contempt.

**MICROBILT CORPORATION**

By Counsel

/s/
Stanley P. Wellman (VSB No. 27618)
Melissa Y. York (VSB No. 77493)
Counsel for MicroBilt Corporation
Harman, Clayton, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 – Phone
804-747-6085 – Fax
swellman@hccw.com
myork@hccw.com

---

[2] Notably, Plaintiffs did not pursue sanctions under Rule 11, which requires service of the motion and time to correct any alleged violation. *See* Fed. R. Civ. P. 11(c). Instead, they filed the instant motion three days after MicroBilt opposed the Motion to Reconsider and, in doing so, requested its fees and costs associated therewith.

*Admitted Pro Hac Vice:*

Bruce Luckman, Esquire
Attorney for MicroBilt Corporation
Sherman, Silverstein, Kohl, Rose & Podolsky
308 Harper Drive – Suite 200
Moorestown, NJ  08057
Telephone:  (856) 662-0700
Facsimile:  (856) 488-4744
Bluckman@shermansilverstein.com

## **C E R T I F I C A T E**

I hereby certify that on the 27th day of July, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Kristi Cahoon Kelly, Esq. (VSB No. 72791)
>Andrew J. Guzzo (VSB No. 82170)
>Casey S. Nash (VSB No. 84261)
>Kelly Guzzo, PLC
>3925 Chain Bridge Rd., Suite 202
>Fairfax, VA 22030
>kkelly@kellyguzzo.com
>aguzzo@kellyguzzo.com
>casey@kellyguzzo.com
>
>Leonard A. Bennett, Esq. (VSB No. 37523)
>Craig Carley Marchiando (VSB No. 89736)
>Consumer Litigation Associates, P.C.
>763 J. Clyde Morris Blvd., Suite 1-A
>Newport News, VA 23601
>lenbennett@clalegal.com
>craig@clalegal.com
>*Counsel for Plaintiffs*
>
>John Michael Erbach, Esq. (VSB No.
>Maurice Francis Mullins (VSB No.
>Spotts Fain PC
>411 E Franklin St. Suite 600
>Richmond, VA 23219
>jerbach@spottsfain.com
>cmullins@spottsfain.com
>
>Nicholas Dowd, Esq. (CSB No. 52957)
>William Ojile (CSB No. 26531)
>Richard Lawrence Scheff (PSB No. 35213)
>Armstrong Teasdale LLP (CO-NA)
>4643 S Ulster Street, Suite 800
>Denver, CO 80237
>ndowd@armstrongteasdale.com
>bojile@armstrongteasdale.com
>rlscheff@armstrongteasdale.com
>*Counsel for Matt Mortorello*

/s/
Stanley P. Wellman (VSB No. 27618)
Melissa Y. York (VSB No. 77493)
Attorney(s) for Microbilt Corporation and Philip Burgess
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
swellman@hccw.com
myork@hccw.com

*Admitted Pro Hac Vice:*

Bruce Luckman, Esquire
Attorney for MicroBilt Corporation
Sherman, Silverstein, Kohl, Rose & Podolsky
308 Harper Drive – Suite 200
Moorestown, NJ 08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
BLuckman@shermansilverstein.com