UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, *et al.*,

    Plaintiffs,

v.                                                                             Civil Action No. 3:19-cv-00085

MICROBILT CORPORATION, *et al.*,

    Defendants.

**PLAINTIFFS' REPLY TO BRIEF IN OPPOSITION TO MOTION FOR SANCTIONS AND TO FIND MICROBILT IN CIVIL CONTEMPT**

Plaintiffs Lula Williams, Gloria Turnage, George Hengle, and Dowin Coffy, by Counsel, hereby Reply to MicroBilt's Brief in Opposition to Plaintiffs' Motion for Sanctions. In its Brief in Opposition ("Br. In Opp."), MicroBilt puts forth two main arguments justifying the misleading declaration of Mr. Wojciechowski. First, MicroBilt maintains that "the ownership issue" surrounding MicroBilt and Burgess is not relevant. (Br. In Opp., p. 3.) Second, MicroBilt argues that because Plaintiffs were able to glean the truth from a deposition of Mr. Wojciechowski taken *after* submission of his declaration to the Court, the misleading declaration caused no harm. (*Id*.) Neither argument addresses the issue of whether MicroBilt submitted a false and misleading document to the Court. Instead, MicroBilt advances the two arguments that are, in essence, excuses for submitting the vague and misleading declaration of Mr. Wojciecowski in response to this Court's clear and concise Order.

**I.    Burgess's Past and Present Ownership in MicroBilt is Relevant**

It matters not whether MicroBilt considers Burgess' ownership interest in it "relevant." The Court's clear and unequivocal directive that MicroBilt submit a statement under oath explaining "which entities or persons directly or indirectly own or have owned MicroBilt, whether

and to what extent Philip Burgess ('Burgess') has or had any interest in MicroBilt or any entity that directly or indirectly owns or owned MicroBilt, whether and to whom Burgess has sold any interest in MicroBilt," establishes that the Court finds the information relevant. (ECF 83, p. 1 ¶ 1.)

This should have been sufficient to establish the relevancy of the requested information, yet MicroBilt continues to defy the Court and its Order by "respectfully" pointing out that the Court does not really need this information because the Plaintiffs have been confusing and erroneous in their comments. This position taken by MicroBilt is a brazen one, as it sounds very much like a justification for not abiding by the Court's Order, rather than an argument that it did abide by the Order. Even more perplexing is MicroBilt's nonsensical argument that because the Court has not, *sua sponte*, questioned the content of Mr. Wojciechowski's declaration, its accuracy is established. The reason Plaintiffs filed the motion for sanctions is that MicroBilt is withholding information from the Court, in direct defiance of the Court's clear order. How the Court can determine on its own whether MicroBilt has withheld information is a question perhaps MicroBilt should answer at the upcoming hearing on Plaintiffs' motion.

The fact that the Court ordered MicroBilt to provide the requested information about Burgess's past or present ownership interest in MicroBilt establishes that the Court did not possess the information and that the information is relevant to the Court. As such, MicroBilt defied, and continues to defy, the Court's Order.

**II.     Plaintiffs' Discovery of Withheld Information Does Not Absolve MicroBilt**

In further justification for submitting an incomplete and misleading declaration to the Court, MicroBilt argues that because Plaintiffs were able to get the truth from Mr. Wojciecowski in a deposition, taken *after* his declaration was submitted to the Court, any "deficiencies" in

Wojciechowski's declaration have been "remedied." (Br. In Opp., p. 3.) Subsequent discovery of the facts by Plaintiffs does not excuse MicroBilt's failure to abide by the Court's Order. In fact, it substantiates Plaintiffs' claims in the original motion that Mr. Wojciechowski's declaration in no way conformed to the Court's Order. It was not until Plaintiffs were able to discover, by happenstance, Burgess's deposition testimony in an unrelated case (wherein he states that his family owned a majority of MicroBilt), and generate questions for Mr. Wojciecowski in a subsequent deposition, did it come to light that Mr. Wojciecowski possessed the detailed information requested by the Court, but left out of his declaration.

### III. The Court's Inherent Authority To Sanction MicroBilt

While Plaintiffs disagree with MicroBilt's assertion that neither Fed. R. Civ. P. 37 nor 16 apply in this case, even if MicroBilt is right, this Court can *still* sanction MicroBilt for bad-faith conduct if it finds MicroBilt presented generic, inadequate, false, and misleading information to the Court. Indeed, MicroBilt does not challenge this inherent authority of the Court. Its best attempt is to blandly assert that it did not act in bad faith and "complied fully with the Court's June 8, 2020 Order[.]" (Br. In Opp., p. 5.)

Plaintiffs point out that MicroBilt's Brief in Opposition argues that Burgess's ownership interest in MicroBilt is not relevant and that any "deficiencies" in Mr. Wojciechowski's affidavit were cured by Plaintiffs' continued efforts to determine the facts. These responses, alone, are grounds on which the Court can find that MicroBilt acted in bad faith, as MicroBilt clearly believes it, and not the Court, can make the determination of what is and is not relevant and false and misleading declarations submitted to the Court should be excused if the opposing party is lucky enough to find out the truth elsewhere.

Further support that MicroBilt should be sanctioned and held in contempt is found in the facts – Burgess, at one time and perhaps still, has an ownership interest in MicroBilt, as does his wife. In fact, he claimed in 2017 that his family possesses a majority interest in MicroBilt. It is also clear that Burgess maintains a far greater role than just a consultant to MicroBilt. None of this information is in Mr. Wojciechowski's Declaration despite the fact that it is precisely what the Court directed MicroBilt to provide. Accordingly, the Court should use at least its inherent power to sanction MicroBilt for its conduct.

**MicroBilt Presents no Sound Basis on Which The Court Should Award Fees**

Finally, Plaintiffs object to MicroBilt's request that the Court award fees and costs to MicroBilt based on its argument that "there is, and was, no basis to file a Motion for Sanctions[.]" (Br. In Opp., p. 5.)  MicroBilt's refusal to acknowledge the role Burgess plays in its operations and to disclose his past and present ownership interest in it, as well as its justification for doing so, as outlined in its Brief in Opposition, is the sole reason the "ball" is not advancing in this case. As such, Plaintiffs object to any request that they be sanctioned for notifying the Court that MicroBilt intentionally violated the Court's Order.

Respectfully submitted,

**PLAINTIFFS**

By: _____/s/_____

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
Amy Austin, VSB #46579
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

        Email: lenbennett@clalegal.com
        craig@clalegal.com
        amyaustin@clalegal.com

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
Casey S. Nash, VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email: casey@kellyguzzo.com
*Counsel for Plaintiffs*