IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, <u>et</u> <u>al.</u>,

    Plaintiffs,

v.                          Civil Action No. 3:19cv85

MICROBILT CORPORATION,
<u>et</u> <u>al.</u>,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Plaintiffs' STATEMENT OF POSITION REGARDING DEFENDANTS PHILIP BURGESS AND MICROBILT CORPORATION'S OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 168) and MICROBILT CORPORATION'S AND PHILIP BURGESS'S STATEMENT OF POSITION IN SUPPORT OF THEIR ORIGINAL AND SUPPLEMENTAL AND AMENDED OBJECTIONS TO JURISDICTIONAL DISCOVERY PROPOUNDED BY PLAINTIFFS UPON DEFENDANTS (ECF No. 169).  For the reasons set forth below, the objections of MicroBilt Corporation and Philip Burgess will be overruled.

## BACKGROUND

On August 2, 2019, the MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (ECF No. 15) filed by the defendants, MicroBilt Corporation ("MicroBilt") and Philip Burgess ("Burgess"), was referred to then Magistrate Judge David J. Novak

for a Report and Recommendation.  That Report and Recommendation was filed on September 23, 2019 (ECF No. 55).  On February 19, 2020, following briefing addressed to various objections, the Court adopted the Report and Recommendation and, insofar as is pertinent here, the MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE (ECF No. 15) filed by MicroBilt and Burgess were granted in part and denied in part.  In particular, Burgess' motion pursuant to Fed. R. Civ. P. 12(b)(1) was granted and Count Four of the Complaint was dismissed with respect to Burgess.  On July 3, 2020, the Court received PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S FINDING THAT IT LACKS PERSONAL JURISDICTION OVER PHILIP BURGESS (ECF No. 111) (the "Motion to Reconsider").

The matter was fully briefed; and, on August 3, 2020, the Court heard oral argument on a number of matters including the Motion to Reconsider.  At the conclusion of the hearing, the Motion to Reconsider was granted and an ORDER was entered to that effect on August 3, 2020 (ECF No. 146).

In the earlier proceedings respecting Burgess' motion to dismiss because of lack of personal jurisdiction, neither the Magistrate Judge nor the district court allowed discovery on the jurisdictional issue.  It became obvious during the showing made in the briefs following the filing of ECF No. 111, and in the

2

argument of August 3, 2020, that jurisdictional discovery was necessary.

Accordingly, the matter of jurisdictional discovery was discussed with counsel on a conference call. And, then the Court allowed discovery on the jurisdictional issue that lay at the heart of the Motion to Reconsider. By ORDER dated August 3, 2020 (ECF No. 146) (the "August 3 ORDER"), it was ordered that, on August 7, 2020, the plaintiffs were to serve their discovery requests on MicroBilt and Burgess; that, on August 22, 2020, MicroBilt and Burgess were to serve any objections; and on August 28, 2020, MicroBilt and Burgess were to serve their responses to discovery. The August 3 ORDER (ECF No. 146) contemplated that the jurisdictional discovery would be concluded by September 30, 2020 and that any hearing on any objections to the discovery would be held on August 31, 2020.

On August 19, 2020, MicroBilt and Burgess filed a MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, EXTENSION OF DISCOVERY DEADLINES (ECF No. 148); and, therein, they moved to stay the discovery schedule set by the August 3 ORDER pending settlement negotiations, or, alternatively, to extend the schedule. In a telephone conference held on August 20, 2020 (Transcript, ECF No. 151), the Plaintiffs agreed to an extension, and on August 21, 2020, an ORDER (ECF No. 150) was entered setting a new schedule.

3

After settlement negotiations failed, Plaintiffs served their discovery (interrogatories and requests for production of documents) on October 2, 2020.

The parties were unable to work out their objections and, on October 20, 2020, the plaintiffs filed their STATEMENT OF POSITION REGARDING DEFENDANTS PHILIP BURGESS AND MICROBILT CORPORATION'S OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 168), as directed in the Court's ORDERS dated August 3 and 21, 2020 (ECF Nos. 146 and 150, respectively). Also, on October 20, 2020, the defendants filed MICROBILT CORPORATION'S AND PHILIP BURGESS'S STATEMENT OF POSITION IN SUPPORT OF THEIR ORIGINAL AND SUPPLEMENTAL AND AMENDED OBJECTIONS TO JURISDICTIONAL DISCOVERY PROPOUNDED BY PLAINTIFFS UPON DEFENDANTS (ECF No. 169). On October 21, 2020, the plaintiffs filed PLAINTIFFS' RESPONSE TO DEFENDANTS PHILIP BURGESS & MICROBILT CORPORATION'S STATEMENT OF POSITION REGARDING THEIR OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 170). Also on October 21, 2020, there was filed MICROBILT CORPORATION'S AND PHILIP BURGESS'S REPLY STATEMENT TO PLAINTIFFS' STATEMENT OF POSITION REGARDING DEFENDANTS' OBJECTIONS TO JURISDICITON DISCOVERY (ECF No. 171). On October 26, 2020, the defendants filed a MOTION FOR PERMISSION TO FILE A REPLY TO PLAINTIFFS' RESPONSE [ECF No. 170] TO DEFENDANTS' STATEMENT OF POSITION REGARDING THEIR OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No.

4

172).   The time for filing a timely response by the plaintiffs expired and, by ORDER entered on December 10, 2020 (ECF No. 178), the Court granted the defendant's Motion for Leave (ECF No. 172) and, on December 11, 2020, the defendants filed MICROBILT CORPORATION'S AND PHILIP BURGESS'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF POSITION REGARDING THEIR OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 179).[1]

Against this background, the objections to discovery propounded by the Plaintiffs will be considered.

## DISCUSSION

To begin, it is necessary that the objections to interrogatories and requests for production of documents be viewed in perspective of the Court's decision on August 3, 2020 respecting the Motion to Reconsider.   As reflected in the transcript of the August 3 hearing (ECF No. 147), the central point is whether Burgess is amenable to *in personam* jurisdiction under Virginia's long-arm statute, Va. Code § 8.01-328, Subsection 4, which involves the causing of tortious injury in the Commonwealth by an act or

---

[1] On December 8, 2020, there was filed the DEFENDANTS' AMENDED MOTION FOR PERMISSION TO FILE AN AMENDED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF POSITION REGARDING THEIR OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 176) which has been denied by separate Order because it has no relevance to the issues under consideration respecting the objections to jurisdictional response filed by Burgess.

omission outside the Commonwealth if the defendant regularly does or solicits business, or engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the Commonwealth.

The Court also held that:

> In essence, the entirety of the motion for consideration rests upon the decision in Briargate v. First National Bank in Dallas, 713 F.3d 1052 in the Fourth Circuit, and 5EI, LLC v. Take Action Media, Inc., and the theory behind that particular aspect of the motion for reconsideration is that if the corporate agent has a direct personal involvement in a tort committed in the forum state, the agent is subject to jurisdiction in that state under its long-arm statute.

August 3, 2020 Transcript, p. 46 (emphasis added). The core issue of in personam jurisdiction under Briargate and 5EI is whether there "is a showing of direct personal involvement by the corporate officer in some decision or action which is causally related to the plaintiffs' injuries such as where the defendant [agent] was the guiding spirit behind the wrongful conduct or the central figure in the challenged corporate activity." Id. at 46-47.

Further, it is necessary to keep in mind that, the Motion to Reconsider was granted, in part, because there was "considerable new information that Burgess is the guiding spirit of MicroBilt even though he casts himself as a consultant, and the information in the affidavits didn't accurately fully describe what Burgess

6

did." Id. at 48. The Court found that neither Burgess nor Walter Wojciechowski (who provided an affidavit on the jurisdictional issue) made known all facts that are necessary to fairly and accurately present the truth of the matters that were represented in the affidavit of Wojciechowski and otherwise in the evidence and argument made by Burgess. Having made those findings, the Court also held that:

> There needs to be an entirely new round of –– there needs to be jurisdictional <u>discovery</u> in the issue of the guiding spirit theory. That's where the nubbin of this whole argument is, and the <u>discovery will be directed to his – what Burgess's role is, who owns what, who is doing what, who controls what, who is calling the marching tune</u>, and <u>who is the central actor</u> in the activity that is alleged to be infringing the federal statute here.

Id. at 49 (emphasis added).

Those observations notwithstanding, it also is important to view the discovery requests and the objections in view of the fact that neither the Magistrate Judge nor the district court permitted jurisdictional fact discovery. Mindful of that fact, the August 3 ORDER (ECF No. 146) did not restrict jurisdictional discovery to the core or key issues that were featured during the hearing on August 3 or discussed in the cited comments from the bench. Thus, so long as the discovery requests properly seek discovery about whether Burgess is amenable to the Virginia long-arm statute at issue, that discovery is permissible.

7

It also is relevant that the information presented by Burgess, including without limitation the affidavit of Walter Wojciechowski, has been shown to have omitted significant information pertinent to analysis of Burgess' positions in the original jurisdictional briefing. Hence, discovery is properly directed to secure information that will disclose the omitted significant information and that will help put in perspective the information presented by Burgess to obtain the ruling that is to be reconsidered.

## A.   OBJECTIONS TO INTERROGATORIES

### 1.   General Objections

Burgess has lodged what are entitled "GENERAL OBJECTIONS" (ECF No. 168-2, p. 1). As explained in Spendlove v. RapidCourt, LLC, 2019 U.S. Dist. LEXIS 220392 (E.D. Va. Dec. 23, 2019), general objections are not permitted because:

> [g]eneric, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering.

Id. (citing VICA Coal Co., Inc. v. Crosby, 212 F.R.D. 498, 503 (S.D.W. Va. 2003)). The use of general objections presents two serious problems:

> (1) they reach so broadly that the requesting party cannot determine what is being answered

8

> or responded to and what is not; and (2) the
> generality obscures what the general objection
> is foreclosing from discovery.  Thus, use of
> the general <u>objection precludes meaningful</u>
> negotiation in the meet and confer process
> (which appears to have happened here), and it
> allows the producing party a degree of control
> over the discovery process not intended by the
> federal discovery rules.

<u>Id.</u>

For the foregoing reasons, all of the General Objections are overruled.

### 2.   Objections to Specific Interrogatories

The objections to Interrogatories 1 through 19 and 25, are, in essence, the same.

For example, the objection to Interrogatory No. 1 is:

<u>OBJECTION:</u>

> Burgess objects to this Interrogatory on
> the grounds that the discovery is grossly
> overbroad, burdensome and all-encompassing
> with no time parameters, requiring Burgess to
> search for, compile and present such
> information with no connection to the
> jurisdictional issue in dispute.  The effort
> is not in proportion with the needs of the
> case or designed to benefit the case or be
> relevant to the claims or defenses of any
> party.  <u>See</u> October 2, 2020 Certification of
> Walter Wojciechowski attached hereto as
> Exhibit "A." The Court ordered jurisdictional
> discovery regarding the newly advanced
> 'guiding spirit' legal argument.  Information
> regarding Mr. Burgess's ownership of business,
> entities, and organizations is not relevant.
> The only facts of material legal significance
> regarding 'guiding spirit' concern the conduct
> of the person challenging jurisdiction.  In

this case, that means what Burgess did and
where he did it with respect to the alleged
conduct directed at Plaintiffs.   Because
Burgess's relevant conduct was already alleged
in the Plaintiffs' Complaint, and set forth in
the Declarations filed before then Magistrate
Judge Novak in support of Burgess's Motion to
Dismiss, there is nothing further to be
discovered, or nothing to be discovered other
than that which related to such conduct.

Indeed, based upon such knowledge,
Plaintiffs should have (and could have) argued
the 'guiding spirit' jurisdictional issue in
response to the Motion to Dismiss, but failed
to do so.   The manufactured 'newly discovered
evidence' regarding allegations of Burgess's
ownership, affiliated entities, payments to
Burgess, or loans to Burgess are entirely
unrelated to whether Burgess was the 'guiding
spirit' of the alleged wrongful conduct
claimed in the Complaint.   Virtually all of
the propounded 'jurisdictional discovery,'
including this Interrogatory, concerns
ownership, revenues, or control of the
Defendant Corporation, here, MicroBilt, or
other entities.   But none of that information
is germane or legally or factually material to
the Court's analysis regarding whether Burgess
was the 'guiding spirit' in connection with
the emailing of the subject information to
counsel for Big Picture.   Undersigned counsel
has not located a single 'guiding spirit' case
which analyzed ownership, control, salary,
dividends or other financial issues as part of
the 'guiding spirit' calculus.   Instead,
courts look to the conduct of the individual.
See e.g. Columbia Briargate Co. v. First Nat.
Bank in Dallas, 713 F.2d 1052, 1063 (4th Cir.
1983) (quoting Escude Cruz v. Ortho
Pharmaceutical Corp., 619 F.2d 902, 907 (1st
Cir. 1980) ('What is required is some showing
of direct, personal involvement by the
corporate officer in some decision or action
which is casually related to the plaintiff's
injury.'   Such 'direct personal invovlement'

10

typically existed, the Court said, 'where the
defendant [agent] was the 'guiding spirit'
behind the wrongful conduct (citing case), or
the 'central figure' in the challenged
corporate activity (citing case).'
(citations omitted); 5EI, LLC v. Take Action
Media, Inc., No. 1:12CV492 JCC/TRJ, 2012 WL
4105131, at *9 (E.D. Va. Sept. 17, 2012)
(Where the Court explained: 'Jurisdiction is
appropriate where there is 'something showing
of direct, personal involvement by the
corporate officer in some decision or action
which is casually related to the plaintiff's
injury,' such as 'where the defendant [agent]
was the 'guiding spirit' behind the wrongful
conduct . . . or the 'central figure' in the
challenged corporate activity.' (quoting
Columbia Briargate, supra quoting Ortho, 619
F.2d at 902, 907); Booze Pops LLC v. Real
Estate Flipz, Inc., No. 2:20-CV-691-RMG, 2020
WL 3420716, at *6 (D.S.C. June 21, 2020)
(where the court held: 'The Court finds it
has personal jurisdiction over Isaacs. The
Complaint contains allegations of wrongdoing
Isaacs, COO at BPCC, allegedly directed toward
or committed while physically in South
Carolina.') Magic Toyota, Inc. v. Se. Toyota
Distributors, Inc., 784 F.Supp. 306, 315
(D.S.C. 1992) (where the Court explained:
'Such direct personal involvement typically
exists 'where the defendant [agent is] the
guiding spirit behind the wrongful conduct, or
the central figure in the challenged corporate
activity.')

     Whether that person was the guiding
spirit, or directed the alleged harmful
conduct, is the sole material issue for the
Court. Here, the bulk of the information
regarding the alleged wrongful conduct was
known before the filing of the Complaint, or
disclosed during the April 2019 jurisdictional
briefing. Simply put, financial benefit,
ownership, authority to act, or control is not
something relevant (or that needs to be
proven) in the context of an assertion of

11

> guiding spirit.   Respectfully, Plaintiffs'
> jurisdictional discovery is a transparent
> effort to force Burgess to unnecessarily face
> immensely expensive and wholly unnecessary and
> irrelevant discovery litigation.

This lengthy, quite convoluted, and highly unusual objection appears in essentially the same form as an objection to Interrogatory Nos. 2 through 19, and 25.   For the reasons set out below, the objection will be overruled.

First, the objection, in part, challenges these interrogatories on the basis of overbreadth and burdensomeness. However, there is no showing in the record why any interrogatory is objectionable because of its perceived overbreadth or burden. Conclusory assertions of overbreadth and burden are insufficient to present a valid objection.   The best that can be said is that the affidavit of Wojciechowski recites, in conclusory fashion, that Burgess will incur expense and burden in answering some of the interrogatories.   That, simply put, is inadequate.

Second, the principal part of the objection is an argument that the decision granting the Motion to Reconsider was in error. That, of course, is not a proper ground of objection to an interrogatory.   Accordingly, that aspect of these objections is without merit and it will be overruled.   In that regard, the Court is constrained to note that, in fifty years of practicing law, twenty-eight of which have been on the bench, objections posited

12

in the form of an argument that a Court erred in deciding a motion have never been seen.

Third, as to Interrogatory Nos. 12, 20, 22 and 24, there is an objection that the interrogatories, including subparts, exceed the 25 interrogatories permitted under the rules. That objection is meritless when one considers the text of the interrogatories to which the objection is made.

Moreover, as a general proposition, an interrogatory containing subparts that are directed at securing details concerning the common theme of an interrogatory are to be considered as a single question. 8A Charles A. Wright, Arthur R. Miller, Mary K. Cain & Richard L. Marcus, Fed. Pract. & Pro. § 2168.1 at 261 (2nd ed. 1994). See Paul W. Grimm, Charles S. Fax, Paul Marks Sandler, Discovery Problems and Their Solutions, 16-22 (ABA 2nd ed. 2009). That is consistent with the instruction in Mezu v. Morgan State University, 269 F.R.D. at 565, 572-73 (Md. 2010). Accordingly, all such objections are overruled as lacking in merit.

Fourth, Interrogatory Nos. 20, 22, and 24 asked about the furnishing of "credit information." Those interrogatories were objected to because they contained the term "credit information" and because the "subject date was not governed by the Fair Credit Reporting Act." That objection is without merit, and it will be

13

overruled because the requested response will help determine whether what was requested was "credit information." The "subject date" ground of the objection is unintelligible.

Fifth, Burgess objects to Interrogatory No. 5 on the ground that:

> it seeks documents or information protected by the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege, or otherwise seeks documents which constitute or disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other legal representatives of Burgess, MicroBilt, or others.

That objection, standing alone, does not preclude the discovery that is sought. Unless Burgess has a filed a proper privilege log and identified the particular documents that he thinks are associated with the asserted privileges, and has given in the log enough information to permit a challenge to the privilege, the claim of privilege is waived. Nothing in the record shows that any such privilege log has been filed. Accordingly, the objection on the basis of privilege will be overruled.

Notwithstanding the entirely defective specific objections to the specific interrogatories, the Court has reviewed each one, and concludes that the interrogatories are properly within the scope of jurisdictional discovery and are reasonably calculated to secure information relevant to determining Burgess' role in the conduct and violations of law alleged in the Complaint. However,

14

it appears appropriate to require that Interrogatory No. 1 be modified to require the requested information about every business entity or organization that Burgess has an ownership interest that does business with MicroBilt or that is in any way related to MicroBilt.  Interrogatory No. 17 appears to be duplicative of Interrogatory No. 16.

**B.   REQUESTS FOR PRODUCTION OF DOCUMENTS**

The plaintiffs filed 55 requests for production of documents. Burgess objected to every one of them.  See PHILIP BURGESS JR.'S OBJECTIONS TO PLAINTIFFS' JURISDICTION REQUESTS FOR PRODUCTION (ECF No. 168-3).

**1.   General Objections**

The document production requests were met with the same General Objections as were made to the Interrogatories.  The decision set out above respecting the impropriety of general objections to interrogatories applies equally to general objections to requests for production.  All general objections to the requests for production of documents will be overruled.

**2.   Objections to Specific Requests for Production**

First, as is the case with the objections to the interrogatories, Burgess raises objections on the ground of burden.  However, he has not carried the burden to establish that objection.  Instead, Burgess relies on paragraph 12 of the

15

Declaration of Walter Wojciechowski.  (ECF No. 168-3, pp. 72-74).
The broadly stated, conclusory assertion made by Wojciechowski is
not sufficient to establish the burden of proof to sustain an
objection of overbreadth and burdensomeness.   Moreover, the
veracity of the broad, conclusory objection is disproved by
examining RFP Nos. 2, 3, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18,
19, 20, and 21 just to name a few.   Those requests are specific
and narrow and cannot be considered burdensome.   Based on that
finding, it is not appropriate for the Court to examine all of the
RFPs to ascertain how they test the validity of the conclusory
assertion in the Declaration of Walter Wojciechowski.   On this
record, the burdensomeness objection is without merit.

      Second, as in the case of the interrogatories, the other
standard objection made to all other RFPs is nothing more than an
argument that the Court erred in deciding to reconsider the
decision on whether to reconsider this Court's jurisdictional
decision.   Accordingly, that part of the objection to the extent
made is overruled and not pertinent.   That ruling obtains to
requests for production numbers 2, 3, 4, 5, 8 through 36, 40
through 55.

      Third, as was the case with objections to interrogatories,
there are broad, unsupported objections based on privilege.   For
example, the objection to RFP No. 12 is that:

> Burgess and MicroBilt further object to the
> Request to the extent that it seek [sic]
> documents or information protected by the
> attorney-client privilege, the attorney-work
> product doctrine, or any other applicable
> privilege, or otherwise seeks documents which
> consist, constitute, or disclose the mental
> impressions, conclusions, opinions or other
> legal theories of attorneys or other
> representatives of Burgess, PRBC or MicroBilt.

With minor variations in the concluding prepositional phrase, the same objection is made to RFP Nos. 13, 29 through 38, 41 through 45, 49 through 52, and 55. However, as was the case with the objection to interrogatories, there is no privilege log. Moreover, the objection claims unspecified privileges, and it is not possible to discern what documents are objected to on without privilege. Here too, the objecting party has not carried the burden to sustain the objection. The objections on the basis of privilege are overruled as to RFP Nos. 1, 12, 13, 29 through 38, 41 through 45, 49 through 51, and 55.

In sum, the three grounds for objection: burdensomeness, privilege, and error in granting the Motion to Reconsider are without merit, and they will be overruled.

In that regard, it is true that, in ruling on the Motion to Reconsider, the Court instructed that discovery was to be somewhat circumscribed. However, as the defendants argue, the "lion's share of the Jurisdictional Discovery" seeks "ownership, control and financial discovery" regarding "not only MicroBilt and Burgess

17

but of other affiliated and unaffiliated entities and Burgess' family."[2]  A review of the requests for production of documents teaches that that comment encompasses requests numbers 8, 9, 10, 12, 13, 15, 16, 17, 18, 22, 25, 26, 27, 28, 34, 35, 36, 37, 40, 44, 50, and 51.

And, as the plaintiffs correctly point out, discovery on the jurisdictional issue was allowed to include "what Burgess's role is, who owns what, who is doing what, who controls what, who is calling the marching tune, and who is the central actor in the activity that is alleged to be infringing the federal statute here."  August 3 Transcript, at 47.  Plaintiffs correctly state that "to understand who owns what, who is doing what, who controls what, and who is calling the marching tune," plaintiffs must be able to understand how Burgess and these companies, in practical reality, exercise their control of MicroBilt.  The companies inquired of in the so-called "ownership, control and financial" discovery requests for production of documents are companies owned or controlled by Burgess and/or his wife.  Thus, information about the financial relationship between Burgess, MicroBilt and these

---

[2] MICROBILT CORPORATION'S AND PHILIP BURGESS'S STATEMENT OF POSITION IN SUPPORT OF THEIR ORIGINAL AND SUPPLEMENTAL AND AMENDED OBJECTIONS TO JURISDICTIONAL DISCOVERY PROPOUNDED BY PLAINTIFFS UPON DEFENDANTS (ECF No. 169 at 25).  See PLAINTIFFS' RESPONSE TO DEFENDANTS PHILIP BURGESS & MICROBILT CORPORATION'S STATEMENT OF POSITION REGARDING THEIR OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 170 at 7).

companies is important to understanding exactly what Burgess' role is, who owns what, who is doing what, who controls what, who is calling the marching tune, and who is the central actor in the activity that is alleged to be infringing the federal statute here.[3]

Further, Burgess' evidence, including Wojciechowski's declaration regarding Burgess' limited role and his role as a consultant, pulls all of this information into play so that the validity of those assertions can be tested. There are already preliminary indications, as explained in granting the motion for reconsideration, that the information presented by Burgess, and Wojciechowski was misleading. Whether it was false remains to be seen because falsity connotes a degree of scienter.

In like fashion, Burgess is required to produce all of the documents requested about his consulting arrangements and the performance thereof with MicroBilt. That certainly is proper discovery, given Burgess' assertion that he is "nothing more than a consultant."

---

[3] The plaintiffs also seek information about wages, salaries, dividends and other executive pay for the purpose of demonstrating that Burgess is the highest paid person within MicroBilt. That information is pertinent to the ultimate inquiry here and that information likewise is discoverable over the objections mounted by the defendants.

19

Finally, Burgess and MicroBilt object to the document production on the ground that Burgess has agreed that he is the guiding spirit of MicroBilt, as a consultant. That argument is substantively disingenuous given that the key issue is whether Burgess is a consultant or the band master. And, there is strong evidence already that he is far more than a consultant. Thus, having reviewed the particular requests for production, the Court finds that objections to them are overruled for the reasons stated herein with the following exceptions:

- RFP No. 1, is not objectionable with respect to documents identified in the answers to the interrogatories propounded by the plaintiffs (or cited therein whether identified or not or referred to therein as identified or not);

- all objections to the following RFP are overruled: 2 through 13, 15 through 30, 31 (excluding any communications with counsel in this case), 32, 33 (excluding any communications with counsel in this case), 34 through 36, 37 (excluding any communications with counsel in this case), 38 (excluding any communications with counsel in this case), 39 (excluding any communications with counsel in this case), 40, 45 through 51, and 55.

The briefs on these issues do not adequately explain the relevance of RFP No. 14, 41, 42, 43, 52, 53, or 54. However, the

objections that Burgess and MicroBilt chose to make were limited as discussed above.  When counsel elect to make only inappropriate objections, they leave the requests otherwise unobjected to.  That is the case with these RFPs.  Therefore, they must be satisfied.

It is so ORDERED.

_____/s/_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  January _____, 2021