```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Richmond Division
```

LULA WILLIAMS, et al.,

    Plaintiffs,

v.                                         Civil Action No. 3:19cv85

MICROBILT CORPORATION,
et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANTS' MOTION FOR MODIFICATION AND/OR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER (ECF DOC. NOS. 180 AND 181) OVERRULING DEFENDANTS' INITIAL OBJECTIONS TO PLAINTIFFS' JURISDICTIONAL DISCOVERY REQUESTS (ECF No. 187) ("MOTION FOR RECONSIDERATION"), the supporting memorandum (ECF No. 188) ("RECONSIDERATION MEMO"), the DEFENDANTS' SUPPLEMENTAL MEMORANDUM EXPLICATING HOW DEFENDANTS' RECONSIDERATION MOTION RELIES ONLY ON ISSUES, INFORMATION AND EXHIBITS THAT WERE SPECIFICALLY RAISED IN DEFENDANTS' STATEMENT OF POSITION AND REPLY ON THE JURISDICTIONAL DISCOVERY PROPOUNDED BY PLAINTIFFS (ECF No. 193), the PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER (ECF No. 197), and MICROBILT CORPORATION'S AND PHILIP BURGESS'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR MODIFICATION AND/OR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER (ECF DOC. NOS. 180 AND 181) OVERRULING

DEFENDANTS' INITIAL OBJECTIONS TO PLAINTIFFS' JURISDICTIONAL DISCOVERY REQUESTS (ECF No. 198). Having reviewed those papers and the attached exhibits, the DEFENDANTS' MOTION FOR MODIFICATION AND/OR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER (ECF DOC. NOS. 180 AND 181) OVERRULING DEFENDANTS' INITIAL OBJECTIONS TO PLAINTIFFS' JURISDICTIONAL DISCOVERY REQUESTS (ECF No. 187) will be denied.

## BACKGROUND FACTS

The Complaint alleges that the plaintiffs were, at the time of the events giving rise to the claims in this case, involved in litigation against Big Picture Loans, LLC ("Big Picture"), Ascension Technologies, LLC ("Ascension"), and Matt Martorello with respect to an allegedly illegal rent-a-tribe scheme. That case was captioned <u>Williams, et al. v. Big Picture Loans, LLC, et al.</u>, 3:17cv461, E.D. Va. (the "Big Picture Litigation").

The plaintiffs filed this action against, <u>inter alia</u>, MicroBilt Corporation ("MicroBilt") and Philip Burgess ("Burgess") alleging violations of the Fair Credit Reporting Act ("FCRA"). The Complaint contains four counts, three of which were against MicroBilt and one of which was asserted against Burgess. In the FACTS section of the Complaint, it is alleged that: (1) "[o]n or around July 7, 2017, Defendant Burgess procured Plaintiffs' consumers reports from Microbilt and forwarded them" to counsel in

the Big Picture Litigation to use against the plaintiffs in that litigation; and (2) the illicit use was to allow the defendants in the Big Picture Litigation "to make arguments regarding [the Plaintiffs'] standing and potential adequacy as class representatives." (ECF No. 1, ¶¶ 34-35). In COUNT FOUR, the Complaint alleges that Burgess and others, on July 7, 2017, violated the FCRA, 15 U.S.C. § 1681(b)(f), by obtaining and using the Plaintiffs' consumer reports without a "permissible purpose to do so." (ECF No. 1, ¶ 59). In particular, it is not permissible to supply a consumer report to use it against the consumer in litigation.

In COUNT TWO, asserted against MicroBilt, it is alleged that "Microbilt violated the FCRA, 15 U.S.C. § 1681e(a) by furnishing the Plaintiffs' consumer reports to Defendants Burgess . . . without a permissible purpose to do so. . . ." (ECF No. 1, ¶ 49). COUNTS ONE and THREE contain other allegations against MicroBilt, all in violation of the FCRA.

MicroBilt and Burgess filed a Motion to Dismiss or, in the Alternative, Motion to Transfer Venue (ECF No. 15) and Answers (ECF No. 17 and 18). The Motion to Dismiss or, in the Alternative, Motion to Transfer Venue were referred to then Magistrate Judge David J. Novak for a Report and Recommendation (ECF No. 54). The Report and Recommendation was submitted (ECF No. 55), and then

3

objections were made to it. The Court overruled the objections, adopted the Report and Recommendation (ECF No. 60), and dismissed the Complaint (without prejudice) as to Burgess for lack of *in personam* jurisdiction.

Discovery continued as to the remainder of the case. Thereafter, based on discovery in this and another case, the plaintiffs filed PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S FINDING THAT IT LACKS PERSONAL JURISDICTION OVER PHILIP BURGESS (ECF No. 111) and a supporting memorandum (ECF No. 112) ("Motion to Reconsider"). According to Plaintiffs, their Motion to Reconsider was filed because newly discovered evidence and manifest and justice necessitated a different decision than the one previously issued respecting *in personam* jurisdiction over Burgess. The Plaintiffs alleged that Burgess had secured the Report and Recommendation (and the Order adopting that Report and Recommendation) based on half-truths and Burgess' concealment of both his role at MicroBilt and his personal involvement in committing the violations of the Fair Credit Reporting Act that form the basis of Plaintiffs' claims. (ECF No. 112, p. 1).

Following briefing and a hearing held on August 3, 2020, the Plaintiffs' Motion to Reconsider was granted. The Court directed the parties to conduct jurisdictional discovery and set a schedule for that discovery. (ECF Nos. 146 and 147). At the request of the

4

parties, the originally scheduled date for serving objections to the Plaintiffs' discovery was extended to October 2, 2020 so that the parties could have an opportunity to pursue mediation.

Unfortunately, the case did not settle; and, on October 2, 2020, the Defendants served voluminous objections to the Plaintiffs' jurisdictional discovery requests. Several meet and confer sessions occurred but none of the objections were withdrawn. Then, on October 15, 2020, the Defendants served what they described as "supplemental objections and answers" to the Plaintiffs' jurisdictional discovery. The "supplemental objections" were served without seeking agreement of the Plaintiffs and without moving the Court to enlarge time to serve supplemental objections or additional objections, the time for the filing of which had, by then, expired.

The discovery disputes were presented to the Court for decision and, on January 15, 2021, the Court issued a Memorandum Opinion and Order (ECF Nos. 180 and 181). The Memorandum Opinion addressed the Plaintiffs' STATEMENT OF POSITION REGARDING DEFENDANTS PHILIP BURGESS AND MICROBILT CORPORATION'S OBJECTIONS TO JURISDICTIONAL DISCOVERY (ECF No. 168) and MICROBILT AND PHILIP BURGESS' STATEMENT OF POSITION IN SUPPORT OF THEIR ORIGINAL AND SUPPLEMENTAL AND AMENDED OBJECTIONS TO JURISDICTION DISCOVERY PROPOUNDED BY PLAINTIFFS UPON DEFENDANTS (ECF No. 169). All

5

objections were overruled; the scope of one discovery request was modified.

The Defendants thereafter filed this MOTION FOR RECONSIDERATION of the Memorandum Opinion and Order (ECF Nos. 180 and 181) dealing with the defendants' objections to discovery. The matter is now ripe for review.

### RECONSIDERATION GENERALLY AND THE APPLICABLE TEST

It is generally true that motions to reconsider are "not appropriate vehicles to advance arguments already rejected by the court or new legal theories not argued by the ruling." Hilb Rogal & Hobbs Co. v. Rick Strategy Partners, Inc., No. 3:05cv355, 2006 WL 5908727, at *8 (E.D. Va. Feb. 10, 2006). Thus, reconsideration of prior rulings is "only available on three grounds: (1) an intervening change in controlling law; (2) previously unavailable evidence; or (3) to correct a clear error of law and prevent manifest injustice." JTH Tax, Inc. v. Aime, 984 F.3d 284, 290 (4th Cir. 2021).

It is difficult to discern the theory upon which reconsideration is sought here except with respect to the issue about the waiver of privilege, where the Defendants contend that it would be a manifest injustice to the Defendants to foreclose them from asserting privilege. RECONSIDERATION MEMO (ECF No. 188, p. 11). However, as discussed below, that issue is not any longer

6

before the Court in view of the stipulation made by the Defendants (NOTICE, ECF No. 202).

## DISCUSSION

The thrust of the Defendants' MOTION FOR RECONSIDERATION is simply that the Court erred in granting the Plaintiffs' Motion to Reconsider. That is made quite clear in the DEFENDANTS' SUPPLEMENTAL MEMORANDUM EXPLICATING HOW DEFENDANTS' RECONSIDERATION MOTION RELIES ONLY ON ISSUES, INFORMATION AND EXHIBITS THAT WERE SPECIFICALLY RAISED IN DEFENDANTS' STATEMENT OF POSITION AND REPLY ON THE JURISDICTIONAL DISCOVERY PROPOUNDED BY PLAINTIFFS (ECF No. 193), where the Defendants explicate that their MOTION FOR RECONSIDERATION of ECF Nos. 180 and 181 (dealing with their objections) is based on what they have said previously about jurisdictional discovery and jurisdiction. That, in essence, concedes that the MOTION FOR RECONSIDERATION is really just more argument about why the Court should not have granted the Plaintiffs' Motion to Reconsider and should not had allowed jurisdictional discovery. That is not a permissible approach to a motion to reconsider. Thus, the MOTION FOR RECONSIDERATION fails for that reason.

The MOTION FOR RECONSIDERATION also asks the Court to make four particular findings. Each will be addressed in turn.

First, the Defendants ask for the finding that:

> Defendants are entitled to assert their privileges with regard to any discovery objections or answers that they have asserted to the Jurisdictional Discovery.

(ECF No. 187, p. 2, ¶ (i)). Although much ink and many words have been devoted to whether, as the Memorandum Opinion found, the Defendants have waived their privilege,[1] that aspect of the MOTION FOR RECONSIDERATION is moot as to the request for document production because the defendants have stipulated that "no responsive documents were withheld from production based upon attorney-client privilege or the work-product doctrine." (ECF No. 202). It is also moot as to the interrogatory answers because, for the only interrogatory as to which a privilege objection was interposed, the objection was a limited one. In particular, the objection was:

> Burgess further objects to this interrogatory <u>to the extent that it seeks documents or information protected by the attorney-client privilege</u>, the attorney work-product doctrine, or any other applicable privilege, or otherwise <u>seeks documents</u> which constitute or disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives of Burgess, Microbilt, or others.

(ECF No. 168-2, p. 9). Thus, even that objection is encompassed within the stipulation made as to the document production (NOTICE,

---

[1] ECF No. 180, p. 14 as to interrogatory answers and pp. 16-17 as to requests for production of documents.

ECF No. 202).² Accordingly, there is no need further to discuss the first ground of relief sought by the MOTION FOR RECONSIDERATION.

The second requested finding is that:

> Defendants timely and properly served, after the 'meet-and-confer' session, Supplemental and Amended Objections and Answers to the Jurisdictional Discovery that fully responded to Plaintiffs' substantive 'consulting, ownership and control' queries of the Jurisdictional Discovery.

(ECF No. 187, p. 2, ¶ (ii)). In support of that request, the Defendants say that they "are concerned that the Court did not consider that the Defendants had revised and supplemented not only their Initial Objections with Supplemental Objections but as importantly both provided the Answers to the Jurisdictional Discovery and produced control, ownership and consulting agreement documents in an effort to substantively answer the queries raised by the Jurisdictional Discovery." (ECF No. 188, p. 16). That concern is a strange one considering that it is obvious from the recitation in the opening paragraph of ECF No. 180 that the Court was aware of supplemental and amended objections.

In any event, those "supplemental objections" were not timely, and they were not considered for that reason. Objections

---

² The objection does contain the phrase "or information," but no such information has been identified as subject to a privilege.

were due on October 2, 2020, and the supplemental objections were not filed until October 15, 2020. One would have thought that the Defendants would have secured from the Plaintiffs some statement that they did not object to the supplementation of objections or that the Defendants would have sought permission from the Court to enlarge the time (belatedly) in which to file objections. The Defendants did neither.[3] The fact that thereafter the Court suspended future deadlines is of no moment whatsoever because the date to serve objections had come and gone as of October 2, 2020.

Also, the supplemental objections, both to the interrogatories and to the request for documents (ECF Nos. 168-6 and 168-7) are not materially different than the original objections. The supplemental objections to both the interrogatories and the supplemental answers to the requests for production of documents are based on one objection which is then repeated throughout in response to the other interrogatories or requests for production of documents. In particular, the interrogatories are objected to on the following basis:

> Burgess objects to this Interrogatory No. 1 on the grounds that the requested discovery is grossly overbroad and burdensome, requiring

---

[3] Moreover, after the Defendants unilaterally served supplemental objections on October 15, 2020, the Plaintiffs advised counsel for the Defendants that the Plaintiffs objected to the supplemental and amended objections because they were "improper under the federal rules and the Court's order (which set deadlines for your objections as October 2"). Even then the Defendants did not act.

> Burgess to search for, compile and present such information and data that has no relevance to or connection with the jurisdictional issue in dispute. Specifically, information regarding Mr. Burgess's ownership of business, entities, and organizations is not relevant for purposes of this jurisdictional discovery. The effort and cost to respond to this request is not in proportion with the needs of the case or designed to benefit the case or be relevant to the claims or any defenses of any party.

(ECF No. 168-6, p. 1 and ECF No. 168-7, p. 1). As was the case with the initial objections, there is nothing at all offered to demonstrate the alleged burden. Hence, like the claim of burden made in the original objections, the claim of burden as to supplemental objections was legally insufficient.

Secondarily, in both the supplemental objections to the interrogatories and the requests for production of documents, there is a long dissertation about the Defendants' understanding of the so-called "guiding spirit" doctrine and their view of how the doctrine restricts jurisdictional discovery. That dissertation constitutes nothing more than an effort to re-argue the Plaintiff's Motion to Reconsider and the order that discovery on *in personam* jurisdiction be had. Hence, that part of the supplemental objection that is not directed to the issue of burden was simply an improper objection.

For the foregoing reasons, and as explained in ECF No. 180, the Court declines to find that the supplemental objections were

timely. Nor, on this record, can it be found that the supplemental answers fully respond to anything.

The third requested finding in the MOTION FOR RECONSIDERATION is that:

> No additional Jurisdictional Discovery is necessary where such evidence of Mr. Burgess's 'guiding spirit' or even a greater role than just a consultant, cannot, by itself, satisfy the 'minimum contacts' requirement embedded in the Virginia long-arm statute.

(ECF No. 187, p. 2).

That request for relief and the argument seeking reconsideration on it is in reality not a discovery objection. It is simply an effort to have the Court address the substance of the underlying question of whether Burgess is amenable to personal jurisdiction in Virginia without the benefit of discovery. Accordingly, Burgess's arguments have no effect on the scope of the jurisdictional discovery. And that is not changed at all by Burgess' oft-repeated statement that he is conceding that he is the "guiding spirit" of the MicroBilt with respect to the actions at issue.

The jurisdictional issue is whether Burgess is amenable to *in personam* jurisdiction under Virginia's long-arm statute. The relevant statutory provision requires that the Plaintiffs establish that he caused a tortious injury in Virginia by an act committed outside the Commonwealth of Virginia and that he

12

regularly does or solicits business or engages in other persistent course of conduct or derives substantial revenue rendered in Virginia. § 8.01-328.1(A)(4). As explained by the Court at the hearing on August 3, the jurisdictional discovery is to be directed to "what Burgess's role is, who owns what, who is doing what, who controls what, and who is calling the marching tune, and who is the central actor in the activity that is alleged to be infringing the federal statute here." (ECF No. 147, p. 49). Moreover, the Memorandum Opinion went on to explain that the observations made at the August 3 hearing about the "guiding spirit" issue had to be viewed in perspective of the fact that neither the magistrate judge nor the district court had permitted jurisdictional fact discovery in the first instance, and that, therefore, the August 3 Order did not restrict jurisdictional discovery to the issues that were featured during the hearing on August 3 or discussed in the cited comments from the bench. Accordingly, jurisdictional discovery was permissible so long as it properly sought discovery about whether Burgess is amenable to the Virginia long-arm statute at issue.

In addition, the Memorandum Opinion (ECF No. 180, p. 8) explained that the information presented by Burgess to secure the original ruling has been shown to have omitted significant information pertinent to the analysis of Burgess's positions in

13

the original jurisdictional briefing. Therefore, discovery was permitted as to information that would disclose the significant omitted information and that would help put into perspective the information presented by Burgess to obtain the ruling that was likely to be reconsidered. Thus, the Defendants' efforts to circumscribe discovery to their view of the "guiding spirit" theory simply is not viable.

As explained in an earlier MEMORANDUM ORDER (ECF No. 237), the Defendants' argument for the third finding is that:

> (1) They have stipulated to the one relevant fact that such discovery could yield (Burgess's being the "guiding spirit" in the actions at issue in this case); and
>
> (2) The fact to which they have stipulated is insufficient for a finding that the Court has jurisdiction over Burgess; and
>
> (3) Because of (1) and (2), no further jurisdictional discovery is warranted.
>
> In other words, having determined for themselves the answer to the question of whether Burgess is amenable to jurisdiction, the defendants then reason that any discovery directed toward that question must therefore be pointless--hence their refusal to comply.

(ECF No. 237, p. 4). That, of course, is not how things work in any litigation, certainly not in litigation under the Federal Rules of Civil Procedure.

For the foregoing reasons, the third requested finding is not a proper ground for reconsideration of ECF Nos. 180 and 181.

The fourth and final finding requested by way of the MOTION FOR RECONSIDERATION is that:

> All of Plaintiffs' Jurisdictional Discovery shall be limited in scope to include only information regarding those businesses that Burgess has an ownership interest in and 'that [do] business with MicroBilt or that [are] in any way related to MicroBilt.'

(ECF No. 187, p. 2). The argument in support of that view is confusing and unpersuasive and provides no warrant for making the change that is requested. Accordingly, it is rejected.

## CONCLUSION

For the foregoing reasons, the DEFENDANTS' MOTION FOR MODIFICATION AND/OR RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER (ECF DOC. NOS. 180 AND 181) OVERRULING DEFENDANTS' INITIAL OBJECTIONS TO PLAINTIFFS' JURISDICTIONAL DISCOVERY REQUESTS (ECF No. 187) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 1, 2022