

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LULA WILLIAMS, et al.,

    Plaintiffs,

v.

                                        Civil Action No. 3:19-cv-85

MICROBILT CORP., et al.,

    Defendants.

### MEMORANDUM OPINION

This matter is before the court on the defendants' MOTION TO RESTRICT PUBLIC ACCESS TO CERTAIN INFORMATION IN THE PUBLIC RECORD AND FOR RELATED RELIEF (ECF No. 213) ("the Motion"). For the reasons set forth below, the Motion will be denied.

### BACKGROUND

Defendants Philip Burgess and MicroBilt Corporation ("MicroBilt") bring this Motion because "[d]efendants' counsel disclosed [] confidential information in discovery without the confidential designation that should have accompanied it." ECF No. 214 at 1. This information then "subsequently became included in pleadings and exhibits attached thereto." Id. at 1-2. The defendants now move to have the information redacted with the designation "for attorneys' eyes only."

The information that the defendants wish to have redacted is included in various sets of Burgess's responses to

interrogatories. The three basic kinds of information at issue are: (1) Burgess's ownership stake in "certain non-party companies," (2) Information about payments from MicroBilt to Burgess, and (3) Burgess's email addresses.

The defendants argue that this information naturally fits within the scope of the Court's earlier Protective Order (ECF No. 73). That Order was issued in contemplation of the record's containing information "relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendants . . . ." Id. at 1. The defendants also cite to Fed. R. Civ. P. 26(c), which describes protective orders as being appropriate to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

The defendants then conclude that they have satisfied the requirements under Local Rule 5 as elaborated in Ashcraft v. Conoco, Inc., 218 F.3d 288 (4th Cir. 2000). There, reaffirming and elaborating upon the earlier case In Re Knight Publishing Company, 743 F.2d 231 (4th Cir. 1984), the Fourth Circuit emphasized that there is a "presumption" of public access to court documents. Ashcraft, 218 F.3d at 302. The Court further stated that, before sealing any documents, a court must first provide public notice and the opportunity for interested parties to object, consider less drastic alternatives, and state "specific reasons

and factual findings" supporting the decision to seal the documents and rejecting alternatives.  Id.

## DISCUSSION

The information the defendants wish to have kept out of the public record does not match any of the categories in the protective order.  Nor does any of the information meet the Rule 26 standard of subjecting a party to annoyance, embarrassment, oppression, or undue burden or expense.  Because the Court can cite to no reason or factual findings that would support keeping the information in question out of public view, the defendants' request therefore does not satisfy the Ashcraft requirements.

The defendants' arguments in favor of redaction are wholly unpersuasive.  They argue that "ownership interest and monies received constitute personal financial information of the type routinely treated as confidential." ECF No. 214 at 3.  In support of this sweeping claim, they offer a single citation to a case in the Northern District of California.  Pension Plan for Pension Trust Fund for Operating Eng'rs v. Giacalone Elec. Servs., Inc., 2015 U.S. Dist. LEXIS 84140 (N.D. Cal. Jun. 29, 2015).  The sole relevance of the cited opinion is a brief discussion of the parties' motion to seal.  The Pension Plan court grants the motion as to "bank statements and tax records, as well as the names of individuals who rented the Property (non-parties to this action) as indicated on the rental logs." Id. at *30.  That ruling has no

3

bearing on this Motion, because the kinds of information at issue are quite different. Moreover, a single out-of-circuit example of a sealing order is not adequate evidence for the claim that a particular practice is "routinely" carried out. The defendants' memorandum summarily concludes that it has met the Ashcraft requirements for filing under seal. But the defendants offer no real explanation or supporting authority for why the information ought to be kept private, instead merely stating many times that it should.

As to the first category of information (Burgess' ownership stake in non-party companies), the Court has already decided that very similar information does not merit sealing. ECF No. 219 at 1 (finding that information on the history of ownership of MicroBilt "certainly helps the public's understanding of the formation and evolution of MicroBilt Corporation, both of which are of historical and legal importance in this case . . . ."). The information at issue here is slightly different because it concerns Burgess's ownership of other entities. But it is still relevant to this case insofar as it relates to the jurisdictional question of what business activities Burgess has that relate to Virginia and how his other business activities relate to MicroBilt. The Court's earlier rationale thus applies equally well here.

In their reply brief, the defendants make the same argument that they have made many times before: that none of this material

is relevant because only the issue of Burgess's being the "guiding spirit" is relevant to the jurisdictional question, and Burgess's ownership of other entities is not related to the question of whether he was the guiding spirit of MicroBilt. ECF No. 226 at 1-2. But the Court has already rejected precisely this line of argument many times over in the course of this litigation.

The defendants likewise do not explain why information regarding payments Burgess has received from Microbilt ought to be hidden from public view. That information fits squarely into the scope of jurisdictional discovery that the Court has already authorized (regarding the current status and history of Burgess's connection to MicroBilt) and does not fit into any of the specially designated categories of information for which the confidential designation is appropriate.

Finally, the defendants wish to have redacted from public view Burgess's email addresses. This information was included in Burgess's response to an interrogatory, then was quoted by the plaintiffs in their memorandum in support of their motion for sanctions. ECF No. 211. In a footnote, the plaintiffs' attorney, Leonard Bennett, complains of Burgess's "weird fascination" with him. In support of that claim, Bennett cites the fact that Burgess amended his answer to an interrogatory asking what email addresses Burgess has used by adding the purported address: lennyburnthisownhousedown@gail.com. Bennett then notes that he

5

did, in fact, suffer a house fire recently. The legal relevance of the footnote is presumably to offer Burgess's interrogatory answer as an illustration of the defendant's alleged practice of abusing the mechanisms of civil procedure to impede the progress of the suit and to harass the plaintiffs and their counsel.

While the motion for sanctions has not yet been decided by the Court, it is difficult to interpret the interrogatory response as anything other than an attempt to harass and annoy plaintiffs' counsel. As such, it is hardly plausible that such an attempt should itself receive the benefits of redaction under Rule 26, which is meant to protect parties from undue annoyance.

Because the defendants cite to no authority that clearly authorizes retroactive application of a confidential designation for non-privileged materials, they have a particularly high burden of explaining why this is an exceptional case meriting such a measure. But they have not, for any of the three categories of information they wish redacted, persuasively explained why that information merits redaction and on what legal precedent the Court would be justified in keeping the information from public view. The defendants' motion will therefore be denied.

It is so ORDERED.

_____/s/_____REP_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 2, 2022

6